UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

--------------------------------------- X

ANNE DAUER,                            :

        Plaintiff,                 :

    vs.                               :

VINEYARD VINES, LLC, SHEP MURRAY       :
and IAN MURRAY,

        Defendants.                :

--------------------------------------- X

CASE NO.

**COMPLAINT**

DEMAND FOR JURY TRIAL

Plaintiff Anne Dauer, by and through her attorneys as and for her complaint against

VINEYARD VINES LLC, SHEP MURRAY and IAN MURRAY alleges as follows:

NATURE OF THE ACTION

1.     Plaintiff brings this action against Defendants for age discrimination, gender

discrimination, disability discrimination and equal pay violations, pursuant to Title VII of the Civil

Rights Act of 1964 (42 U.S.C. §§ 2000e *et seq*.), the Americans with Disabilities Act (42 U.S.C.

§§ 12101 *et seq*.), the Age Discrimination in Employment Act (29 U.S.C. §§ 621 *et seq*.), the

Connecticut Fair Employment Practices Act (Conn. Gen. Stat. §§ 46a-60 *et seq*.), federal Equal

Pay Act (29 U.S.C. § 206(d)), and the Connecticut Equal Pay Act (Conn. Gen. Stat. §§ 31-75, 31-

76).

2.     VINEYARD VINES is a privately-owned retailer of upscale, preppy clothing for

men, women and children. It targets young, wealthy consumers who seek, in its words, "the Good

Life." Defendants SHEP MURRAY and IAN MURRAY are brothers from Greenwich,

Connecticut who spent their summers on the island of Martha's Vineyard, the inspiration for the

brand. In 1998 they co-founded the company and are the company's co-Chief Executive Officers.

3.      Plaintiff Anne Dauer is an accomplished retail executive.  She was the Senior Vice President of Retail at VINEYARD VINES until February 2020. She is 57 years old and suffers from a heart condition she developed in 2019. After 13 successful years at the company and no negative performance reviews or feedback, Plaintiff was abruptly fired following a short leave of absence for a heart procedure.  She was replaced by a Retail Director -- a man in his thirties.

4.      VINEYARD VINES' brusque treatment of Plaintiff was in keeping with the increasingly ageist, sexist culture the MURRAYS had cultivated.  For example, at company management meetings, IAN MURRAY repeatedly stated that there were "too many middle-aged women around the table" and that VINEYARD VINES needed to bring in "younger points of view."  As the company matured, the MURRAYS became convinced that they needed "young blood" in the organization and more clean cut, college-aged male associates for the stores. Plaintiff, of course, was neither.

5.      Executives reporting to the MURRAYS' followed their lead. To take but one example, upon viewing a photograph of the staff at a newly opened store, most of whom were middle-aged and female, VINEYARD VINES' President, Mike Gaumer, stated that the team was not "brand appropriate." Thereafter, a new company policy was instituted.  Now, the hiring of all store managers had to be approved by Mr. Gaumer and, incredibly, *had to include a photograph of the candidate*.  And, Mr. Gaumer required photographs of all existing store managers and assistant store managers.

6.      Unsurprisingly, the rank discrimination instilled by the MURRAY brothers carried over to compensation.  Women in senior roles, including Plaintiff, were paid substantially less than men in the same or similar positions. VINEYARD VINES paid these women less in salary and bonus compensation.  Many women were also excluded from participating in the VINEYARD VINES Long Term Incentive Plan, while their male counterparts were invited to participate.

7.      In short, after 13 years of service, overseeing the remarkable growth of VINEYARD VINES' retail operation, Plaintiff, a 57 year-old woman, was fired within days of returning from a short medical leave.  Her treatment, as set forth below, was in keeping with an ageist and sexist culture instilled by the company's founders.

## PARTIES

8.      Plaintiff is a citizen of the State of Connecticut.

9.      Defendant VINEYARD VINES, LLC ("VINEYARD VINES") is a Limited Liability Company headquartered in Stamford, Connecticut.  VINEYARD VINES is a retailer of clothing and accessories under the VINEYARD VINES brand.

10.      Defendant SHEP MURRAY is one of the founders of VINEYARD VINES and one of its co-Chief Executive Officers.  He is a resident of the State of Connecticut.

11.      Defendant IAN MURRAY is one of the founders of VINEYARD VINES and one of its co-Chief Executive Officers.  He is a resident of the State of Connecticut.

12.      During all relevant times, VINEYARD VINES was Plaintiff's employer within the meaning of all applicable statutes.

## JURISDICTION AND VENUE

13.      This Court has federal question jurisdiction over Plaintiff's claims for violation of the Equal Pay Act and Title VII pursuant to 28 U.S.C. §§ 1331.

14.      This Court has jurisdiction of Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), because the state law claims arise from a common nucleus of operative facts with the federal claims and are so related to Plaintiff s federal claims that they form a part of the same case or controversy between the parties under Article III of the United States Constitution.

15.     Venue is proper in the United States District Court for the District of Connecticut under 28 U.S.C. § 1391(b)-(c) because a substantial part of the events giving rise to Plaintiff's claims occurred within this district.

16.     Plaintiff has filed a charge with the Equal Employment Opportunity Commission, which was cross-filed with the Connecticut Human Rights Office.  Plaintiff has requested a right to sue notice and release of jurisdiction from those agencies.

FACTS COMMON TO ALL COUNTS

**Plaintiff Leads VINEYARD VINES Retail Expansion**

17.     Plaintiff is an accomplished executive in the retail clothing industry.  She has held executive roles at Ann Taylor and The GAP.  In 2007, Plaintiff was hired to join VINEYARD VINES.  She was not hired by the MURRAY brothers but by others in the then existing ownership/management group.

18.     Plaintiff was hired to lead VINEYARD VINES strategy for growth in its retail stores.  During Plaintiff's tenure at VINEYARD VINES, she led the charge for the rapid growth in company's retail stores, an expansion from one store to 107.  For 2019, VINEYARD VINES reaped in excess of $260 million in sales from it retail divisions.

**Plaintiff Is Fired Immediately After A Medical Leave And**

**Replaced By A Man More Than 20 Years Younger**

19.      Plaintiff was abruptly fired by VINEYARD VINES upon her return from a medically required leave of absence.  Plaintiff was required by her doctor to take a one week leave for a medical procedure related to a heart issue.  Almost immediately upon her return, she was fired.

20.     Indeed, Defendants SHEP and IAN MURRAY -- brothers and co-founders of VINEYARD VINES – in concert with company president Gaumer, had plotted Plaintiff's

-4-

termination after they first learned of her heart condition a few months before. In the fall of 2019, SHEP and IAN MURRAY learned that Plaintiff was diagnosed with a heart condition. She let them know that she needed to take ten days off for medical attention and testing.

21.     Just prior to her medical leave in the fall, the company had charged Plaintiff with leading a five-year retail outlet growth strategy that would see the company open 100 new stores. Yet, when she returned from her brief medical leave, the MURRAY brothers would not engage with Plaintiff on the strategy and sought instead to postpone and defer.

22.     Within a few weeks, the MURRAYS had identified Plaintiff's successor, Josh Illig, a man in his 30s. Illig started in December 2019. Plaintiff took her second brief medical leave in January 2020 and upon her return company president Gaumer advised her that she was being fired. Gaumer told Plaintiff that her position was being eliminated and that it had nothing to do with her performance. Months later, however, when Plaintiff raised her dispute, VINEYARD VINES changed its tune. It contended for the first time that Plaintiff's termination was in fact due to her performance. This pretextual about-face was all the more transparent in light of the fact that Plaintiff had never received a bad review. Nor had she ever been placed on a performance improvement plan even though it was a practice of VINEYARD VINES to do so. And, in fact, Illig, a man in his 30s has taken over as Retail Director, i.e., Plaintiff's primary area of responsibility.

**Plaintiff's Termination Was Part of an Ageist, Sexist Culture Promoted By the MURRAYS**

23.     VINEYARD VINE's treatment of Plaintiff was in keeping with the increasingly ageist, sexist culture the MURRAY's sought to cultivate. As the company matured, the MURRAYS became convinced that they needed "young blood" in the organization and more clean cut, college-aged male associates for the stores.

24.    At company management meetings, IAN MURRAY repeatedly stated that there were "too many middle-aged women around the table" and that VINEYARD VINES needed to bring in "younger points of view."  The MURRAY brothers followed through.  To take a few examples:

a.  At the time of her termination, Plaintiff was 57 years old.  She was replaced by a man in his thirties.

b.  In 2017, VINEYARD VINES president, Mike Gaumer, had recommended that Plaintiff's role expand to oversee e-commerce and wholesale in addition to her retail responsibilities.  The MURRAY brothers vetoed the promotion.  Instead, they hired another man in his thirties to oversee all channels.  In that position, five women reported, including Plaintiff, to him.  All of the women were over 40 years old and all of them had experience far more substantial than the man the MURRAYS hired as their boss. Only one those women still remains at VINEYARD VINES.

c.  Another female Senior Vice President over 40 was fired and replaced by a much younger candidate.

d.  The Chief Financial Officer, a woman over 50, was fired and replaced by a younger man.

e.  The Vice President of Human Resources, a man in his sixties, was fired and replaced by someone in their thirties.

f.  A 58 year-old woman was fired after more than a decade of striking success as the manager of VINEYARD VINES' flagship store in Greenwich.

g.  And another store manager, a woman in her 50s with a medical condition was fired. The company said it was due to the need to cut positions due to COVID-

19.    However, immediately after firing this manager, it posted ad seeking applicants for a full time management position for the same store.

25.    The MURRAY brothers frequently remarked that they needed the retail stores staffed more by young men fitting an all-American "college-aged" look.  Other executives followed the MURRAY brothers' lead.  To take one example, the president of the company chastised Plaintiff for hiring of staff at a newly opened store in Cleveland.  The president was upset by the picture of the store's staff, composed largely of middle-aged, older women, who in his words were "not brand appropriate."

26.    Following that incident, VINEYARD VINES instituted a policy that no store manager could be hired without the express approval of the company's president.  Incredibly, the company also required that before anyone could be hired as a manager or assistant manager for a store without first submitting photos of themselves to the president.

27.    VINEYARD VINES also fired its female head of human resources.  The function is now headed by one of the MURRAYs' fraternity brothers, who does not have a human resource background.

**VINEYARD VINES Consistently Underpays Women**

28.    Unsurprisingly, the rank discrimination instilled by the MURRAY brothers carried over to compensation.  Women in senior roles, including Plaintiff, were paid substantially less than men in the same or similar positions.

29.    Male executives in substantially similar positions received greater bonus compensation than Plaintiff and other women.  Further, many women were not included in the Long Term Incentive Plan at all, whereas men in the same or substantially similar positions were.

30.    In another example, a man in his thirties was hired to replace a female Regional Director over 40 years old.  The man was hired in at a salary substantially higher than his older, female predecessor.

31.    This same man was included in the Long Term Incentive Plan.  His older, female predecessor was not.

**COUNT I**
**EQUAL PAY VIOLATIONS PURSUANT TO FEDERAL EQUAL PAY ACT (29 U.S.C. § 206(D)**
**[AGAINST VINEYARD VINES]**

32.    Plaintiff hereby incorporates by reference the preceding paragraphs as though fully set forth herein.

33.    Plaintiff is a female.

34.    Plaintiff performed equal work on a job requiring equal skill, effort, and responsibility as certain men employed by VINEYARD VINES, and performed such job under similar working conditions.

35.    VINEYARD VINES treated Plaintiff's compensation differently than it treated the compensation of men, including, but not limited to, plaintiff's incentive compensation, equity compensation, and exit package.

36.    VINEYARD VINES did not treat Plaintiff's compensation differently based (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex.

37.    Plaintiff suffered damages as a result of VINEYARD VINES violation including the loss of compensation, including, but not limited to salary, bonus, and Long Term Incentive Plan payouts as well as benefits.

38.    Further, the VINEYARD VINES acts were intentional and/or committed with reckless indifference to Plaintiff's rights thus rendering punitive damages appropriate.

39.     By reason of VINEYARD VINES' conduct as alleged herein, Plaintiff is entitled to all remedies available under the federal Equal Pay Act and Connecticut law including but not limited to lost wages and benefits in the form of back pay, interest, attorneys' fees, liquidated damages and punitive damages.

**COUNT II**
**EQUAL PAY VIOLATIONS PURSUANT TO CONNECTICUT EQUAL PAY ACT (CONN. GEN. STAT. §§ 31-75, 31-76)**
**[AGAINST VINEYARD VINES]**

40.     Plaintiff hereby incorporates by reference the preceding paragraphs as though fully set forth herein.

41.     Plaintiff is a female.

42.     Plaintiff performed equal work on a job requiring equal skill, effort, and responsibility as certain men employed by VINEYARD VINES, and performed such job under similar working conditions.

43.     VINEYARD VINES treated Plaintiff's compensation differently than it treated the compensation of men, including, but not limited to, plaintiff's incentive compensation, equity compensation, and exit package.

44.     VINEYARD VINES did not treat Plaintiff's compensation differently based (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex.

45.     Plaintiff suffered damages as a result of VINEYARD VINES violation including the loss of compensation, including, but not limited to salary, bonus, and Long Term Incentive Plan payouts as well as benefits.

46.     Further, the VINEYARD VINES acts were intentional and/or committed with reckless indifference to Plaintiff's rights thus rendering punitive damages appropriate.  By reason of VINEYARD VINES' conduct as alleged herein, Plaintiff is entitled to all remedies available,

including but not limited to, lost wages and benefits in the form of back pay, interest, attorneys' fees, liquidated damages and punitive damages.

## COUNT III
### (GENDER DISCRIMINATION PURSUANT TITLE VII (42 U.S.C. §§ 2000E ET SEQ.)
[AGAINST VINEYARD VINES]

47.     Plaintiff hereby incorporates by reference the preceding paragraphs as though fully set forth herein.

48.     Plaintiff is a member of a protected class (female).

49.     Plaintiff was qualified for her job and performing it satisfactorily.

50.     Plaintiff suffered an adverse employment action.  Among other things, Plaintiff was terminated from her employment.

51.     Plaintiff's gender was a motivating factor in VINEYARD VINES' adverse actions against Plaintiff.

52.     VINEYARD VINES stated reason for its adverse action is a pretext to hide gender discrimination.

53.     Plaintiff suffered damages as a result of the VINEYARD VINES' violation including the loss of compensation, including, but not limited to salary, bonus, and Long Term Incentive Plan payouts as well as benefits.

54.     Plaintiff further suffered emotional distress and humiliation.  Further, VINEYARD VINES acted with malice and/or reckless disregard for Plaintiff's rights thus rendering punitive damages appropriate.

55.     By reason of the VINEYARD VINES' conduct as alleged herein, Plaintiff is entitled to all remedies available, including but not limited to, lost wages and benefits in the form of back pay, front pay in lieu of reinstatement, interest, attorneys' fees, interest and costs,

compensatory damages, emotional distress damages and punitive damages, all in amounts to be determined at trial.

## COUNT IV
### (GENDER DISCRIMINATION PURSUANT TO CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT (CONN. GEN. STAT. §§ 46A-60 ET SEQ.) [AGAINST VINEYARD VINES]

56.     Plaintiff hereby incorporates by reference the preceding paragraphs as though fully set forth herein.

57.     Plaintiff is a member of a protected class (female).

58.     Plaintiff was qualified for her job and performing it satisfactorily.

59.     Plaintiff suffered an adverse employment action.  Among other things, Plaintiff was terminated from her employment.

60.     Plaintiff's gender was a motivating factor in VINEYARD VINES' adverse actions against Plaintiff.

61.     VINEYARD VINES stated reason for its adverse action is a pretext to hide gender discrimination.

62.     Plaintiff suffered damages as a result of the VINEYARD VINES' violation including the loss of compensation, including, but not limited to salary, bonus, and Long Term Incentive Plan payouts as well as benefits.

63.     Plaintiff further suffered emotional distress and humiliation.  Further, VINEYARD VINES acted with malice and/or reckless disregard for Plaintiff's rights thus rendering punitive damages appropriate.

64.     By reason of the VINEYARD VINES' conduct as alleged herein, Plaintiff is entitled to all remedies available, including but not limited to lost wages and benefits in the form of back pay, front pay in lieu of reinstatement, interest, attorneys' fees, interest and costs,

compensatory damages, emotional distress damages and punitive damages, all in amounts to be determined at trial.

## COUNT V
### (AGE DISCRIMINATION PURSUANT TO ADEA (29 U.S.C. §§ 621 ET SEQ) [AGAINST VINEYARD VINES]

65.     Plaintiff hereby incorporates by reference the preceding paragraphs as though fully set forth herein.

66.     Plaintiff is a member of a protected class as she is over the age of 40.

67.     Plaintiff was qualified for her job and performing it satisfactorily.

68.     Plaintiff suffered an adverse employment action because of her age. Among other things, Plaintiff was terminated from her employment.

69.     VINEYARD VINES stated reason for its adverse action is a pretext to hide age discrimination.

70.     Plaintiff suffered damages as a result of the VINEYARD VINES' violation including the loss of compensation, including, but not limited to salary, bonus, and Long Term Incentive Plan payouts as well as benefits.

71.     Plaintiff further suffered emotional distress and humiliation.  Further, VINEYARD VINES acted with malice and/or reckless disregard for Plaintiff's rights thus rendering punitive damages appropriate.

72.     By reason of the VINEYARD VINES' conduct as alleged herein, Plaintiff is entitled to all remedies available, including but not limited to, lost wages and benefits in the form of back pay, front pay in lieu of reinstatement, interest, attorneys' fees, interest and costs, compensatory damages, emotional distress damages and punitive damages, all in amounts to be determined at trial.

**COUNT VI**
**(AGE DISCRIMINATION PURSUANT TO CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT**
**(CONN. GEN. STAT. §§ 46A-60 ET SEQ.))**
**[AGAINST VINEYARD VINES]**

73.     Plaintiff hereby incorporates by reference the preceding paragraphs as though fully set forth herein.

74.     Plaintiff is a member of a protected class as she is over the age of 40.

75.     Plaintiff was qualified for her job and performing it satisfactorily.

76.     Plaintiff suffered an adverse employment action because of her age. Among other things, Plaintiff was terminated from her employment.

77.     VINEYARD VINES stated reason for its adverse action is a pretext to hide age discrimination.

78.     Plaintiff suffered damages as a result of the VINEYARD VINES' violation including the loss of compensation, including, but not limited to salary, bonus, and Long Term Incentive Plan payouts as well as benefits.

79.     Plaintiff further suffered emotional distress and humiliation.  Further, VINEYARD VINES acted with malice and/or reckless disregard for Plaintiff's rights thus rendering punitive damages appropriate.  By reason of the VINEYARD VINES' conduct as alleged herein, Plaintiff is entitled to all remedies available federal and Connecticut law, including but not limited to lost wages and benefits in the form of back pay, front pay in lieu of reinstatement, interest, attorneys' fees, interest and costs, compensatory damages, emotional distress damages and punitive damages, all in amounts to be determined at trial.

## COUNT VII
### (DISABILITY DISCRIMINATION PURSUANT TO ADA (42 U.S.C. §§ 12101 ET SEQ)
### [AGAINST VINEYARD VINES]

80.     Plaintiff hereby incorporates by reference the preceding paragraphs as though fully set forth herein.

81.     Plaintiff was disabled and/ VINEYARD VINES perceived Plaintiff as having a disability.

82.     Plaintiff was qualified for her job and was able to perform its essential functions, with or without an accommodation.

83.     Plaintiff suffered an adverse employment action based on her disability.  Among other things, Plaintiff was terminated from her employment.

84.     VINEYARD VINES stated reason for its adverse action is a pretext to hide disability discrimination.

85.     Plaintiff suffered damages as a result of the VINEYARD VINES' violation including the loss of compensation, including, but not limited to salary, bonus, and Long Term Incentive Plan payouts as well as benefits.

86.     Plaintiff further suffered emotional distress and humiliation.  Further, VINEYARD VINES acted with malice and/or reckless disregard for Plaintiff's rights thus rendering punitive damages appropriate.

87.     By reason of the VINEYARD VINES' conduct as alleged herein, Plaintiff is entitled to all remedies available, including but not limited to, lost wages and benefits in the form of back pay, front pay in lieu of reinstatement, interest, attorneys' fees, interest and costs, compensatory damages, emotional distress damages and punitive damages, all in amounts to be determined at trial.

## COUNT VIII
### (DISABILITY DISCRIMINATION PURSUANT TO CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT (CONN. GEN. STAT. §§ 46A-60 ET SEQ.)) [AGAINST VINEYARD VINES]

88.     Plaintiff hereby incorporates by reference the preceding paragraphs as though fully set forth herein.

89.     Plaintiff was disabled and/ VINEYARD VINES perceived Plaintiff as having a disability.

90.     Plaintiff was qualified for her job and was able to perform its essential functions, with or without an accommodation.

91.     Plaintiff suffered an adverse employment action based on her disability.  Among other things, Plaintiff was terminated from her employment.

92.     VINEYARD VINES stated reason for its adverse action is a pretext to hide disability discrimination.

93.     Plaintiff suffered damages as a result of the VINEYARD VINES' violation including the loss of compensation, including, but not limited to salary, bonus, and Long Term Incentive Plan payouts as well as benefits.

94.     Plaintiff further suffered emotional distress and humiliation.  Further, VINEYARD VINES acted with malice and/or reckless disregard for Plaintiff's rights thus rendering punitive damages appropriate.

95.     By reason of the VINEYARD VINES' conduct as alleged herein, Plaintiff is entitled to all remedies available, including but not limited to, lost wages and benefits in the form of back pay, front pay in lieu of reinstatement, interest, attorneys' fees, interest and costs, compensatory damages, emotional distress damages and punitive damages, all in amounts to be determined at trial.

**COUNT IX**
**AIDING AND ABETTING DISCRIMINATION**
**IN VIOLATION OF C.G.S.A. § 46A-60(B)(5)**
**[AGAINST DEFENDANTS IAN MURRAY AND SHEP MURRAY]**

96.     Plaintiff hereby incorporates by reference the preceding paragraphs as though fully set forth herein.

97.     Defendants IAN MURRAY and SHEP MURRAY are co-founders and co-Chief Executive Officers of VINEYARD VINES.

98.     Defendants IAN MURRAY and SHEP MURRAY aided, abetted, incited, coerced and/or compelled the discrimination of Plaintiff by VINEYARD VINES as more fully set forth above.

99.     Defendants IAN MURRAY and SHEP MURRAY were aware of their role as part of the discrimination against Plaintiff and other women over age 40 at the time that they provided such assistance, and knowingly and substantially assisted in it.  Among other things, as the co-CEOs Defendants were VINEYARD VINES' top executives and decision-makers and made company decisions with respect to demographics of the workforce, compensation and equity distribution.

100.    Plaintiff suffered emotional distress and humiliation as a result of the individual Defendants' conduct.  Defendants IAN MURRAY and SHEP MURRAY engaged in this conduct with malice or reckless disregard for Plaintiff's rights. Accordingly, punitive damages are warranted.

101.    As a result of the individual Defendants' conduct, Plaintiff has suffered and is entitled to recover damages, including, but not limited to salary, bonus, and Long Term Incentive Plan payouts as well as benefits lost back wages and benefits, lost future earnings and benefits, compensatory damages for emotional distress, punitive damages, and attorneys' fees and costs.

-16-

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff hereby prays for judgment against Defendants on all causes of action and for recovery as follows:

a. Economic damages for loss of past and future compensation, including, but not limited to salary, bonus, and Long Term Incentive Plan payouts as well as benefits;

b. Liquidated damages pursuant to statute;

c. Damages for emotional distress and humiliation in an amount to be proven at trial;

d. Punitive damages in an amount to be proven at trial;

e. Prejudgment interest;

f. Attorneys' fees and costs pursuant to statute; and

g. For such other relief as the Court may deem just and proper.

Executed at Westport, CT
Dated: June 17, 2020

RAFKIN ESQ.
1201 SUSSEX TURNPIKE, SUITE 102
RANDOLPH, NJ 07869
973.891.3370
SRAFKIN@RAFKINESQ.COM

MGQ LAW
246 Post Rd E
Westport, CT 06880
203 836 3336
MGQ@MGQLAW.COM

By: /s/ Maria Garcia-Quintner
Seth A. Rafkin (*Pro Hac Vice* pending)
Jennifer M. Bouge (*Pro Hac Vice* pending)
Maria Garcia-Quintner (ct27568)

Attorneys for Plaintiff Anne Dauer

-17-

**JURY DEMAND**

Plaintiff demands a trial by jury of all issues triable by jury in this action.

Executed at Westport, CT.
Dated: June 17, 2020

RAFKIN ESQ.
1201 SUSSEX TURNPIKE, SUITE 102
RANDOLPH, NJ 07869

MGQ LAW
246 Post Rd E
Westport, CT 06880

By: */s/ Maria Garcia-Quintner*

Seth A. Rafkin (*Pro Hac Vice* pending)
Jennifer M. Bogue (*Pro Hac Vice* pending)
Maria Garcia-Quintner (CT27568)

Attorneys for Plaintiff Anne Dauer