UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF CONNECTICUT

```
-----------------------------------------------------------X
ANNE DAUER,                                 :
                                            :
        Plaintiff,                          :
                                            :   CASE NO. 3:20-cv-00831-VLB
        vs.                                 :
                                            :
VINEYARD VINES, LLC, et al.,                :
                                            :
        Defendants.                         :
                                            :
-----------------------------------------------------------X
```

### DEFENDANT VINEYARD VINES'
### OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* No. 1

**Morgan Lewis & Bockius LLP**
**Anne Marie Estevez***
**Kimberley E. Lunetta***
**600 Brickell Avenue Suite 1600**
**Miami, FL 33131**
**Tel. 305-415-3000**
**annemarie.estevez@morganlewis.com**
**kimberley.lunetta@morganlewis.com**

***Admitted** pro hac vice*

**Berchem Moses PC**
**Ryan P. Driscoll (ct06460)**
**75 Broad Street**
**Milford, CT 06460**
**Tel: 203-783-1200**
**Fax: 203-877-8422**

I.     **INTRODUCTION**

Plaintiff's Motion *in Limine* Number 1 ("Motion") is nothing more than a thinly disguised and untimely motion for summary judgment on Defendant Vineyard Vines' ("Vineyard Vines" or "Defendant") counterclaim for breach of contract.  It is undisputed that Plaintiff disclosed confidential information in her Complaint.  It is also undisputed that at least one news source publicized confidential information provided by Plaintiff.  Plaintiff did not move for summary judgment, however, because questions of fact remain for the jury to decide, including whether Plaintiff disclosed Defendant's confidential information to the press or to other third parties and the extent of damages flowing therefrom.

Now, on the eve of trial, Plaintiff asks the Court to limit Defendant to only the *undisputed* evidence gleaned in discovery – discovery that may have been thwarted by Plaintiff's denials during her deposition and in written discovery.  To be clear, Defendant has disclosed all presently known evidence in support of its counterclaim.  It is entitled, however, to seek additional direct or circumstantial evidence at trial, including through testimony by Plaintiff and other witnesses.  Indeed, that is what trial is for – to allow witnesses to testify under oath in front of the jury to permit the jury to weigh all the evidence discovered before *and during* trial, and make credibility determinations based on that evidence.

II.    **LEGAL STANDARD**

The purpose of a motion *in limine* is to allow the trial court to rule on the relevance and admissibility of evidence before it is offered at trial in order to avoid unnecessary or unreasonably cumulative evidence and to ensure the jury receives only relevant information necessary to their deliberations.  *See Luce v. United*

2

*States*, 469 U.S. 38, 41 n.4 (1984) (recognizing district courts' broad discretion to decide motions *in limine* "pursuant to the district court's inherent authority to manage the course of trials"); *see, e.g., Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (acknowledging that *in limine* motions "aid the trial process" by enabling courts to make advance rulings on evidence, thereby avoiding "lengthy argument at, or interruption of, the trial").

Here, Plaintiff takes no issue with any evidence produced or provided in discovery. Rather, she improperly seeks to prevent Defendant from seeking relevant testimony at trial. This is not the proper purpose of a motion in *limine*.

### III.     ARGUMENT

#### A.     Plaintiff Acknowledged Irreparable Harm and The Confidentiality Agreement Provides for Equitable Remedies for Any Breach.

Any purported lack of evidence regarding damages is not a basis for granting Plaintiff's Motion because Defendant is permitted to elicit testimony of additional breaches and potentially damages at trial. District courts may deny such motions until trial, when the record will be more sufficiently developed. *In re GII Indus., Inc., 495 B.R. 209, 212* (Bankr. E.D.N.Y. 2010) (excluding cross motions in limine to exclude damages evidence prior to a bench trial "because the record is insufficiently developed at this stage in the proceedings to determine whether any of the evidence at issue should be excluded.... [And, it] is inappropriate to address these issues in advance of trial; they should be determined after consideration of the evidence.").

In addition, under the terms of the Confidentiality Agreement, Plaintiff agreed that evidence of damages is not required in the case of a breach. The express

3

terms of the confidentiality agreement, attached as Exhibit A to Defendant's Counterclaim (Dkt. No. 26) and produced as VV-0000298-306, provide for injunctive relief for breach, and expressly preclude Plaintiff from asserting that any breach or further breach would not result in irreparable harm or could be remedied through monetary damages. The agreement provides in relevant part:

> "I acknowledge and agree that the Company's remedy at law for any breach or threatened breach … would be inadequate…. I acknowledge and agree covenant [sic] that I will not assert in any proceeding that any given breach or further breach of the covenants contained in this Agreement: (1) will not result in irreparable harm to the Company; or (2) could be remedied adequately at law."

Accordingly, any purported lack of damages is not a basis for granting Plaintiff's Motion in Limine Number 1.

2. **Plaintiff's and Other Witnesses' Testimony at Trial is Relevant and Admissible.**

In her deposition in this case, Plaintiff denied speaking to the press or sharing confidential information with third parties. Defendant has the right to inquire of Plaintiff and other witnesses at trial to test the veracity of Plaintiff's deposition testimony and uncover additional evidence.

Plaintiff's and other witnesses' testimony at trial regarding her alleged breach are relevant under Federal Rules of Evidence 401 and 403. In ruling on a motion in *limine*, the Court makes a "preliminary determination on the admissibility of the evidence" and its ruling is "subject to change when the case unfolds." *Murray v. Town of Stratford*, No. 3:11 CV 629 (JGM), 2014 WL 3700982, at *2 (D. Conn. July 25, 2014) (citations and internal quotation marks omitted). The Court

4

should exclude evidence in resolving a motion in *limine* "only when [it] is clearly inadmissible on all potential grounds." *Ziemba v. Lynch*, No. 3:11-cv-717(SRU)(WIG), 2011 WL 4633117, at *1 (D. Conn. Oct. 4, 2011) (citation omitted); *Romanelli v. Long Island R.R. Co.*, 898 F. Supp. 2d 626, 629 (S.D.N.Y. 2012) (citation omitted).

Accordingly, Defendant respectfully requests that the Court reserve any evidentiary rulings regarding its Counterclaim for trial, when the context of the questioning and any newly discovered evidence will be clear.

## IV. CONCLUSION

For all of the foregoing reasons, Defendant respectfully requests that the Court denies Plaintiff's Motion *in Limine* Number 1.


**RESPECTFULLY SUBMITTED,**

| | |
|---|---|
| **December 8, 2022** | **Morgan Lewis & Bockius, LLP** |
| | By: */s/ Kimberley E. Lunetta*<br>    Kimberley E. Lunetta* |
| | **Anne Marie Estevez***<br>**600 Brickell Avenue Suite 1600**<br>**Miami, FL 33131**<br>**Tel. 305-415-3000**<br>annemarie.estevez@morganlewis.com<br>kimberley.lunetta@morganlewis.com |
| | ***Admitted pro hac vice** |

***Counsel for Defendants***
**Berchem Moses PC**
**Ryan P. Driscoll (ct06460)**
**75 Broad Street**
**Milford, CT 06460**
**Tel: 203-783-1200**
**Fax: 203-877-8422**
**panthony@berchemmoses.com**

## CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2022, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ Kimberley Lunetta
Kimberley Lunetta

## SERVICE LIST

Seth A. Rafkin, admitted *pro hac vice*
Jennifer M. Bouge, admitted *pro hac vice*
RAFKIN ESQ.
1201 SUSSEX TURNPIKE, SUITE 102
RANDOLPH, NJ 07869
973.891.3370
srafkin@rafkinesq.com

Anthony Interlandi (ct27512)
Monarch Law
36 Russ Street
Hartford, CT 06106
(860) 969-2909
tony@monarchlawct.com

*Attorneys for Plaintiff Anne Dauer*

DB1/ 134275832.3